# STATE OF MICHIGAN

# COURT OF APPEALS

LUCAS NBUNH and CAROLYN NBUNH,

        Plaintiffs-Appellants,

UNPUBLISHED
May 21, 2015

v

RUTH KERMAN PITKIN,

        Defendant-Appellee.

No. 320426
Kalamazoo Circuit Court
LC No. 2013-000218-NI

Before: DONOFRIO, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs, Lucas and Carolyn Nbunh, appeal as of right the trial court's order dismissing their automobile negligence case against defendant, Ruth Kerman Pitkin, under MCR 2.116(C)(10). The trial court determined that there was no genuine issue of material fact regarding whether Lucas Nbunh's injuries affected his ability to lead his life. We affirm.

## I. FACTS

In July 2007, Lucas Nbunh was in an automobile accident and suffered from chest and back problems. Lucas exacerbated his injuries in a fall in February 2010. Lucas's doctor diagnosed him with "[l]umbar stenosis and spasms on the left lumbar musculature" and prescribed physical therapy. However, Lucas testified at deposition that after receiving physical therapy, he was able to work and "do everything without any problem."

On August 16, 2010, Pitkin was unable to stop at a red light and collided with the rear end of the vehicle behind Lucas, which in turn collided with Lucas's vehicle. Lucas went to the emergency room with complaints of pain in his left shoulder and chest. Lucas was eventually diagnosed with chronic pain and will continue to require palliative treatment.

Lucas testified that he was attending Calvin College at the time of the accident, and he later graduated in May 2013 with a bachelor's degree. He was employed at Community Living Options in Kalamazoo at the time of the accident. He missed three days of work, but continues to work there without restrictions. Lucas also works at Driveline Retail Solutions, where he lifts product and stocks shelves. He occasionally suffers pain and sometimes stocks shelves while kneeling or sitting, but he has never requested work accommodations. Lucas testified that he used to garden, work out, and play soccer with his son, but he is no longer able to enjoy these

activities because of pain. He also used to experience trouble driving, but with his deep massage therapy, that has improved.

In May 2013, the Nbunhs filed a complaint against Pitkin, alleging that Lucas suffered a serious impairment of a bodily function in the car accident. Pitkin moved for summary disposition under MCR 2.116(C)(10), alleging in pertinent part that Lucas's injuries did not affect his general ability to lead his daily life. The trial court ruled that Lucas's life "hasn't changed very much at all from the evidence that's before the Court." It noted that Lucas had only suffered three days off work, had no doctor-imposed restrictions, and few if any self-imposed restrictions. Accordingly, it granted summary disposition in favor of Pitkin.

## II. ANALYSIS

The Nbunhs contend that the trial court improperly granted summary disposition because there was a question of fact regarding whether Lucas had suffered a serious impairment of a bodily function. We disagree.

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Maiden*, 461 Mich at 120. To survive a motion for summary disposition, once the moving party has identified issues in which there are no disputed issues of material fact, the burden is on the nonmoving party to show that disputed issues exist. MCR 2.116(G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. at 362. If the nonmoving party does not make such a showing, the trial court properly grants summary disposition. *Id*. at 363.

Michigan's no-fault insurance act, MCL 500.3101 *et seq*., generally limits tort liability for non-economic loss in cases of motor vehicle negligence to a few specific circumstances. MCL 500.3135; *McCormick v Carrier*, 487 Mich 180, 189; 795 NW2d 517 (2010). "A person remains subject to tort liability for non-economic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of a bodily function, or permanent serious disfigurement." MCL 500.3135(1). A serious impairment of a bodily function is defined as "an objectively manifested impairment of an important bodily function that affects the person's general ability to lead his or her normal life." MCL 500.3135(7).

An impairment affects a person's general ability to lead his or her normal life if it has "an influence on some of the person's capacity to live in his or her normal manner of living." *McCormick*, 487 Mich at 202. This may include the person's ability to engage in recreational

activities, as well as to work. See *id.* at 218. An injury need not destroy a person's capacity to live his or her normal life, and "there is no quantitative minimum as to the percentage of a person's normal manner of living that must be affected." *Id.* at 202-203.

As an initial matter, we note that the parties have appended additional documentary evidence to their briefs on appeal concerning other recreational activities and limitations, and they discuss this evidence in their arguments. We decline to consider these other activities in our analysis. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). The parties did not present these portions of Lucas's deposition or Carolyn's deposition to the trial court, and they are not part of the lower court record.

In this case, the record before the trial court established that Lucas's injuries did not affect his ability to pursue his education or his ability to work two jobs. Lucas missed three days of work, returned to work without restrictions, and completed his degree. While the injury briefly limited Lucas's ability to drive, Lucas testified that he was able to continue this activity after his deep tissue massage therapy. Most importantly, there is no evidence in the record concerning what portion of Lucas's daily life was devoted to gardening, working out, and playing soccer with his son, how long these limitations persisted after the accident, or if they even continued to exist after his massage therapy. While we agree that a diminishment in Lucas's recreational activities could support a finding that the injury affected Lucas's ability to lead his daily life, Lucas simply did not meet his burden to establish that there was a genuine issue of material fact regarding whether the injury affected his normal manner of living. We conclude that the trial court properly determined that Lucas did not establish that his injury affected his general ability to lead his daily life.

We affirm.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause